**STATE OF TENNESSEE, Plaintiff-Appellee,**

v.

**James WALDEN and Norris Givens, Defendants-Appellants.**

**No. 18270.**

United States Court of Appeals
Sixth Circuit.

Jan. 31, 1969.

---

George E. Barrett, John G. Mitchell, Jr., Nashville, Tenn., on the brief for appellants; Barrett, Stokes & Creswell, Nashville, Tenn., of counsel.

Thomas H. Shriver, Dist. Atty. Gen., Robert S. Brandt, Asst. Dist. Atty. Gen., Robert F. Hedgepath, Asst. Atty. Gen., Nashville, Tenn., on the brief for appellee.

Before O'SULLIVAN, PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

O'SULLIVAN, Circuit Judge.

We here consider the appeal of James Walden and Norris Givens from an order of the United States District Court for the Middle District of Tennessee, Nashville Division, entered on July 31, 1967, which order denied their petition for removal to the District Court of a criminal cause then pending against them in the criminal court of Davidson County, Tennessee. The order remanded the cause to the mentioned state court. Removal was sought under the provisions of 28 U.S.C. § 1443(1). We affirm the order of the District Court.

Defendant Walden, who is a Negro, and Givens, a white, were charged, in an indictment returned by a grand jury serving in the criminal court of Davidson County, with the offense of assault with intent to commit murder in the first degree. They filed a plea in abatement asking that the indictment be abated upon the ground that the grand jury which returned it had not been selected from a representative cross-section of the population of Davidson County, Tennessee, and that the method of selection was calculated "to result in a systematic exclusion of a cohesive group from service on the grand jury." At the hearing on the abatement plea, its basis was asserted to be that,

"only seven Negroes had been selected for the last 25 grand juries. One of these individuals had served twice, making a total of eight Negroes since September, 1958. No Negro was on the grand jury which indicted appellants; and in fact, only one seat on the grand jury had been held by a Negro from September, 1961 until September, 1966."

The plea in abatement was heard and overruled by both judges of the criminal court of Davidson County, whose order recited the recent history of the service of Negroes on the Davidson County grand jury as set out above and concluded:

"Racial discrimination or discrimination against the members of any race means, purposeful, systematic, non-inclusion because of race. We think that such purposeful discrimination made solely on race is lacking in both these cases.

"Accordingly the plea in abatement is respectfully overruled, in all respects, to which action of the Court the defendants duly except."

This order was followed by a petition for removal of the cause to the United States District Court which, after recital of the facts, averred:

"The above described action is a criminal action which may be removed to this court by the petitioners, defendants therein, pursuant to 28 U.S.C. § 1443, because petitioners are denied and cannot enforce their constitutionally protected rights to be indicted by a Grand Jury selected from a representative cross section of the population. Such is also removable because the method of selecting grand juries in Davidson County has continuously resulted in the systematic exclusion of members of the Negro race from service on the grand jury so as to deny the defendant James Walden, a Negro, his constitutional rights not to be indicted by a grand jury from which Negroes have been intentionally excluded in violation of 18 U.S.C. § 243. "Petitioners submit that, even though these circumstances have not resulted directly from a discriminatory legislative enactment, the fact that only seven Negroes have served on the Davidson County Grand Jury in the preceding ten year period, seen in light of the discretionary method of selection, *provides an equivalent basis for an equally firm prediction that petitioners will be denied the specified federal rights by being subjected to trial in the State Court.*" (Emphasis supplied.)

After hearing, the United States District Judge, William E. Miller, expressed his relevant views on the matter from the bench and granted the State's motion to remand the cause to the Davidson County criminal court. His order recites:

"The petitioners have requested the removal on the ground that said defendants were indicted by a grand jury unconstitutionally constituted in that members of the Negro race had been systematically excluded from said grand jury. 28 U.S.C. § 1443 contains two requirements which must be proved prior to removal thereunder. First, a Federal civil rights statute must have been violated, and Second, the petitioners must show that their Federal rights will not be protected in the state courts. Georgia v. Rachel, 384 U.S. 780 [86 S.Ct. 1783, 16 L.Ed. 2d 925] (1966); and Greenwood v. Peacock, 384 U.S. 808 [86 S.Ct. 1800, 16 L.Ed.2d 944] (1966).

"The petitioners in the instant case have failed to show a civil rights statute which may have been violated. Further, petitioners have failed to show that their rights would not be protected in the State courts."

For their asserted right to removal, appellants rely on 28 U.S.C. § 1443(1), which provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

Appellants contend that the Federal District Court should have accepted this case for adjudication because of their claim that they were indicted by a grand jury which was discriminatorily composed. The criminal court of Davidson County, upon evidence before it, has held as a matter of fact and law that the composition of the involved grand jury offended neither the law of Tennessee nor any rights of appellants derived from the United States Constitution. If the Davidson County court was wrong in that interlocutory ruling or if a Tennes-

see court, at any stage of this litigation, deprives appellants of some federally-granted constitutional right, claim of such error can be presented to the Tennessee appellate courts and, if these courts persist in such error, the writ of the United States Supreme Court will be within reach of these defendants. It is a familiar observation for us of the federal judiciary to say that we should not assume that state courts will be less anxious than we to accord to those they accuse all of their federally-granted constitutional rights. We are impressed that it is only when some statute or decisional law of a state reasonably forecasts dereliction by the state courts of their duty in this regard that 28 U.S.C. § 1443(1) commands removal. The District Judge correctly observed:

> "All of these cases teach that this statute is not to be invoked to have a wholesale removal of criminal prosecutions from the state court to the Federal Court, or to disrupt the historic relationships between the two systems, and I think it's incumbent upon this Court to be very careful to authorize the removal under this statute only where the rights to remove clearly appear."

The United States Supreme Court has with fresh clarity explicated the intendment of § 1443(1) in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783 (1966) and City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800 (1966). These decisions make clear the import of the language of § 1443(1) when it refers to "a right under any law providing for the equal rights of citizens of the United States." In Georgia v. Rachel, supra, the Court said:

> "On the basis of the historical material that is available, we conclude that the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment

cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands. As the Court of Appeals for the Second Circuit has concluded, * * *. 'When the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.'" 384 U.S. at 792, 86 S.Ct. at 1790

and the Supreme Court further recited the circumstances in which removal will be ordered when in City of Greenwood v. Peacock, supra, it said:

> "Those cases all stand for at least one basic proposition: It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. * * * The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. Georgia v. Rachel, ante; Strauder v. West Virginia, 100 U.S. 303, 25 L.Ed. 664." 384 U.S. at 827–828, 86 S.Ct. at 1812.

We are of the opinion that the District Judge's order, set out above, correctly stated and applied the law as expounded by the Supreme Court. We have recently had occasion to consider the circumstances which must exist if removal is to be granted under § 1443(1). City of Cleveland v. Corley, 398 F.2d 41 (6th Cir. 1968).

We affirm.